UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CARLOS SANCHEZ,

                              Plaintiff,

          v.                                               9:20-CV-0648
                                                                   (GTS/ML)

MR. SHANLEY, et al.,

                              Defendants.

---

APPEARANCES:

CARLOS SANCHEZ
Plaintiff, Pro Se
05-A-6204
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, NY 12051

GLENN T. SUDDABY
Chief United States District Judge

## DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff Carlos Sanchez commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis. *See* Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP Application").[1] Thereafter, plaintiff filed two letter motions requesting preliminary injunctive relief, and a motion to amend and supplement the complaint. Dkt. No. 11 ("First Letter Motion for Injunctive Relief"); Dkt.

---

[1] By Order entered on June 11, 2020, plaintiff's initial application to proceed IFP was denied as incomplete and the action was administratively closed. Dkt. No. 3. Thereafter, plaintiff filed his IFP Application and the Clerk was directed to reopen this action and restore it to the Court's active docket. *See* Dkt. Nos. 5, 6.

No. 12 ("Second Letter Motion for Injunctive Relief"); Dkt. No. 13 ("Motion to Amend").[2]

By Decision and Order entered on July 27, 2020, this Court granted plaintiff's IFP Application, but following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), found that it was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 18 ("July 2020 Order"). The Court also denied the Motion to Amend on the grounds that the proposed amended complaint was not a complete pleading, and afforded plaintiff an opportunity to submit a proper amended complaint. *Id*. at 3-6, 21-22.[3]

Presently before the Court is plaintiff's amended complaint, along with a letter request for court assistance, a letter motion seeking injunctive relief in the form of a "restrict order[,]" and an additional letter motion seeking injunctive relief ordering plaintiff's placement into a prison program. Dkt. No. 20 ("Letter Request for Court Assistance"); Dkt. No. 21 ("Am. Compl."); Dkt. No. 23 ("Letter Motion for a Restrict Order"); Dkt. No. 24 ("Letter Motion for Program Placement").

## II.  SUFFICIENCY OF THE AMENDED COMPLAINT

### A.  The Complaint and July 2020 Order

In his original complaint, plaintiff asserted claims based on events that allegedly occurred while he was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Coxsackie Correctional Facility ("Coxsackie C.F."). *See generally* Compl. Plaintiff named the following individuals as defendants: (1)

---

[2] Plaintiff filed a proposed amended complaint with his Motion to Amend. *See* Dkt. No. 13-1 ("Prop. Am. Compl.").

[3] In light of the preliminary dismissal of plaintiff's complaint without prejudice, the Court denied the requests for injunctive relief as moot. *See* July 2020 Order at 21-22.

Supervising Offender Rehabilitation Coordinator/Program Committee Chairperson Neil Crystal; (2) Superintendent of Coxsackie C.F. Shanley; and (3) Corrections Sergeant Montgomery.  Compl. at 1-3.

The complaint was construed to assert the following claims against these defendants: (1) First Amendment retaliation claims against defendants Montgomery, Crystal, and Shanley; (2) First Amendment free exercise claims against defendants Montgomery and Shanley; and (3) a Fourteenth Amendment equal protection claim against defendant Montgomery.  *See* July 2020 Order at 10.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court dismissed plaintiff's Section 1983 claims without prejudice for failure to state a claim upon which relief may be granted.  *See* July 2020 Order at 22.

**B.    Overview of the Amended Complaint**

Because plaintiff is proceeding in forma pauperis and is an inmate suing government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the July 2020 Order and it will not be restated in this Decision and Order.  *See* July 2020 Order at 2-4.

Plaintiff's amended complaint is materially similar to the original complaint with respect to alleged events that occurred between May 1 and June 6, 2020, and repeats each of the same claims arising out of those events.  *Compare* Compl. *with* Am. Compl.  However, the amended complaint also names a new defendant, Corrections Captain Meigs, and includes new allegations of events that occurred before May 1, 2020, and after June 6, 2020.  *See*

*generally*, Am. Compl.  The following new facts are set forth as alleged by plaintiff in his amended complaint.[4]

On August 16, 2019, plaintiff arrived at Coxsackie C.F.  Am. Compl. at 9.  Following his arrival, plaintiff advised defendant Corrections Captain Meigs that he "would like to work [in the] kitchen messhall[ ] because [he] need[s] [to] finish the Food Services Training Program[.]" *Id*.

On September 9, 2019, defendants Meigs and Crystal removed plaintiff from the Messhall Food Services Training Program because he was a victim of sexual assault at the facility where he was previously incarcerated, and is "bi-sexual." Am. Compl. at 9.[5]  Shortly thereafter, a representative from a legal services organization wrote a letter to an unidentified Deputy Superintendent and plaintiff was placed back into the program.  *Id*.

On December 21, 2019, defendant Meigs threatened to lock plaintiff up if he submitted a request to move to a dormitory, then called him a homophobic slur.  Am. Compl. at 9.

On May 1, 2020, defendant Montgomery destroyed a religious "altar" in plaintiff's cell and issued him a misbehavior report "just because [plaintiff had] fruits on [his] altar[.]" Am. Compl. at 5.  Following plaintiff's receipt of the misbehavior report, defendant Montgomery asked defendant Crystal to remove plaintiff from the Food Services Training Program.  *Id*. at 5, 7.  As a result of defendant Montgomery's request, defendant Crystal "suspended" plaintiff from the program.  *Id*. at 7.

---

[4] Plaintiff has also submitted exhibits with his amended complaint, *see* Dkt. No. 22, which the Court has considered as part of its review herein.

[5] Although not alleged by plaintiff, it appears he was placed in the Food Services Training Program on or after August 16, 2019.

On June 23, 2020, defendant Meigs told defendant Crystal not to allow plaintiff back into the Food Services Training Program because of plaintiff's status as a victim of sexual assault and because he is bi-sexual.  Am. Compl. at 9.

At some unidentified point after May 1, 2020, plaintiff wrote a letter to defendant Shanley wherein he stated that he had been removed from the Food Services Training Program "just because [of his] status as [a] victim of sexual assault and . . life style[.]"  Am. Compl. at 6.  In response, defendant Shanley "act[ed] unprofessional and racist."  *Id*.

Liberally construed, the amended complaint asserts the following claims against the named defendants: (1) First Amendment retaliation claims against defendants Montgomery, Crystal, and Shanley; (2) First Amendment free exercise claims against defendants Montgomery and Shanley; and (3) Fourteenth Amendment equal protection claims against defendants Montgomery, Crystal, Meigs, and Shanley.[6]

For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

### C.      Plaintiff's Prior Related Action

Prior to commencing this action, plaintiff filed a lawsuit in the Northern District of New York against officials from Eastern Correctional Facility, which was assigned to the Honorable Gary L. Sharpe.  *See Sanchez v. Kline*, 9:19-CV-0877 (GLS/TWD), Dkt. No. 1 (N.D.N.Y. filed July 22, 2019) (hereinafter, "*Sanchez I*").  In December, 2019, plaintiff filed an amended complaint in *Sanchez I*, wherein he also named Crystal and Meigs as defendants

---

[6] Although the amended complaint references the Eighth Amendment, the Court does not construe the allegations in the amended complaint to assert an Eighth Amendment claim against any of the named defendants.

5

based on alleged wrongdoing that occurred between August and December, 2019, at Coxsackie C.F.  *See Sanchez I*, Dkt. No. 24.

By Decision and Order entered on January 23, 2020, Judge Sharpe construed the amended complaint to assert the following claims against defendants Meigs and Crystal: (1) a First Amendment retaliation claim; and (2) a Fourteenth Amendment equal protection claim.  *See Sanchez I*, Dkt. No. 27 at 5.  After undertaking a sufficiency review in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), Judge Sharpe found that a response to the aforementioned claims was warranted.  *Id*. at 9.  Thereafter, summonses were issued for defendants Meigs and Crystal.  *Id*., Dkt. No. 28.

Prior to the completion of service, plaintiff filed a letter motion dated January 27, 2020, wherein he requested that defendants Meigs and Crystal be "removed" as defendants because these officials reinstated him into the Food Services Training Program.  *See Sanchez I*, Dkt. No. 29.

By Decision and Order entered on February 5, 2020, Judge Sharpe construed plaintiff's letter motion as an application seeking voluntary dismissal of defendants Meigs and Crystal, and all claims against them, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, and granted the motion.  *See Sanchez I*, Dkt. No. 30.

    **D.**    **Analysis**

        **1. Re-Asserted Claims Previously Dismissed in the July 2020 Order**

As noted, the allegations in the amended complaint are virtually identical to the allegations in the original complaint with respect to plaintiff's retaliation and free exercise claims, as well as his equal protection claim against defendant Montgomery.  *Compare* Compl. *with* Am. Compl.

6

Moreover, while the exhibits submitted with the amended complaint provide general information regarding plaintiff's religion, *see* Dkt. Nos. 22-1, 22-2, 22-3, neither the amended complaint nor the aforementioned exhibits contain any facts which plausibly suggest that the "altar" in plaintiff's cell that defendant Montgomery allegedly destroyed needed to be comprised of bananas, an orange, water, coffee, and a cigar in order for plaintiff to have a religious experience mandated by his faith. In addition, the amended complaint, like the original complaint, fails to allege any facts which plausibly suggest that plaintiff was authorized to have food items subject to spoilage and a cigar in his cell. Thus, it remains unclear from the allegations in the amended complaint and supporting exhibits how the alleged destruction of the "altar" in plaintiff's cell "substantially burdened" his "sincerely held" religious beliefs. *See Booker v. Maly*, No. 9:12-CV-246 (NAM/ATB), 2014 WL 1289579, at *22 (N.D.N.Y. Mar. 31, 2014) ("For a burden to be substantial, a plaintiff must demonstrate that the government's action pressures him to commit an act forbidden by his religion or prevents him from engaging in conduct or having a religious experience mandated by his faith."), *aff'd*, 590 Fed. App'x 82 (2d Cir. 2015) (summary order); *Cucchiara v. Auburn Corr. Facility*, No. 9:18-CV-0605 (DNH/TWD), 2018 WL 3471280, at *1 (N.D.N.Y. July 19, 2018) (dismissing First Amendment free exercise claim based on allegations that corrections officials "destroyed and confiscated his religious property including 'voodoo dolls,' an 'evil eye charm,' the 'book of shadows,' and an 'altar'" during cell searches because the pleading lacked facts to plausibly suggest that plaintiff's religious beliefs were "sincerely held" or that those beliefs were "substantially burdened" by the alleged destruction and confiscation of property). In addition, the amended complaint is devoid of any allegations regarding similarly situated inmates treated differently than plaintiff.

7

Accordingly, and for the reasons set forth in the July 2020 Order, plaintiff's previously dismissed Section 1983 claims are once again dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.[7]

### 2. New Equal Protection Claims

#### (a) Meigs and Crystal

Plaintiff alleges that defendants Meigs and Crystal denied him access to the Food Services Training Program on September 9, 2019, because he was a victim of sexual assault at the facility where he was previously incarcerated, and is "bi-sexual." Am. Compl. at 9. Plaintiff further alleges that on December 21, 2019, defendant Meigs called him a homophobic slur. *Id*.[8] At some point thereafter, plaintiff was allegedly reinstated into the training program, only to then be removed again in May, 2020, at defendant Montgomery's request, and following his receipt of a misbehavior report. *Id*. at 2, 5, 7, 9.[9] Confusingly, plaintiff also alleges that on June 23, 2020, defendant Meigs told defendant Crystal not to allow plaintiff back into the training program, without any details regarding how plaintiff became aware of this exchange between these officials, why the exchange occurred, or how, if at all, the misbehavior report impacted plaintiff's eligibility for reinstatement.

---

[7] The Clerk is directed to provide plaintiff with another copy of the July 2020 Order for his reference.

[8] Unlike in *Sanchez I*, the amended complaint before this Court lacks any allegations regarding plaintiff's engagement in protected activity between August and December, 2019. *See generally*, Am. Compl. Thus, the Court has no basis to construe the amended complaint to assert a retaliation claim against defendants Crystal and Meigs as Judge Sharpe did in *Sanchez I*.

[9] Although the amended complaint does not allege who placed plaintiff back into the program or when he was placed back into the program, plaintiff's filing in *Sanchez I* makes clear that defendants Crystal and Meigs reinstated him into the program on or before January 27, 2020. *See Sanchez I*, Dkt. No. 29.

The legal standard governing a Fourteenth Amendment equal protection claim was discussed in detail in the July 2020 Order, and will not be restated herein. *See* July 2020 Order at 18-20.

As an initial matter, plaintiff's allegation that he was twice removed from the Food Services Training Program because of his sexual orientation is entirely conclusory. Indeed, the amended complaint lacks any specific allegations regarding what plaintiff was told, either verbally or in writing, regarding the basis for his removal from the Food Services Training Program in September, 2019 and/or May, 2020.

Furthermore, the only specific allegation in the amended complaint from which the Court may be able to plausibly infer some level of animus associated with plaintiff's sexual orientation is plaintiff's allegation that defendant Meigs called him a homophobic slur while discouraging him from requesting dormitory housing on December 21, 2019. However, even assuming defendant Meigs possessed some amount of animus toward homosexual or bi-sexual inmates, the amended complaint lacks any allegations which plausibly suggest either that (1) plaintiff was the only homosexual or bi-sexual inmate who sought admission to the Food Services Training Program, or (2) other homosexual or bi-sexual inmates were treated the same way as plaintiff. In fact, the amended complaint does not contain any allegations regarding similarly situated inmates.

Moreover, by plaintiff's own representation to Judge Sharpe, defendants Meigs and Crystal reinstated him into the Food Services Training Program roughly one month after the alleged comments by defendant Meigs. In addition, the allegations in the amended complaint make clear that plaintiff remained in the program for several months, and was only removed after receiving a misbehavior report.

Based on the foregoing, there is no basis for the Court to plausibly infer from the allegations in the amended complaint that defendants Meigs and Crystal ever removed plaintiff from the Food Services Training Program *because of* his sexual orientation, or their ill will toward him. *See Thomas v. Pingotti*, No. 9:17-CV-0300 (GTS/DEP), 2017 WL 3913018, at *7 (N.D.N.Y. Sept. 6, 2017) ("Conclusory allegations of disparate treatment or a plaintiff's personal belief of discriminatory intent are patently insufficient to plead a valid claim under the Equal Protection clause."); *see also Butler v. Bridgehampton Fire Dist*., No. 14-CV-1429, 2015 WL 1396442, at *4-5 (E.D.N.Y. Mar. 25, 2015) (dismissing the plaintiff's equal protection claim under the selective enforcement and class of one theories because the complaint "only discusse[d] the harmful actions [the defendants] took with respect to [the] [p]laintiff, but there [was] no discussion whatsoever of any similarities between [the] [p]laintiff and others"); *Tuitt v. Chase*, No. 9:11-CV-0776 (DNH/TWD), 2014 WL 2927803, at *8 (N.D.N.Y. June 27, 2014) ("While Plaintiff cursorily alleges that he 'suffered adverse treatment f[ro]m other inmates because he attempted to resolve . . . issues through the use of grievances,' he does not identify any particular similarly situated individuals who received different treatment. . . . Such cursory allegations do not meet the plausibility standard required by *Twombly* and *Iqbal*."); *cf. Williams v. Calderoni*, No. 11-CV-3020, 2012 WL 691832, *7 (S.D.N.Y. Mar. 1, 2012) ("[I]t is hornbook law that the mere fact that something bad happens to a member of a particular racial group does not, without more, establish that it happened because the person is a member of that racial group.").

Accordingly, plaintiff's equal protection claim against defendants Meigs and Crystal is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### (b) Shanley

As noted, the amended complaint alleges that plaintiff wrote to defendant Shanley at some point after he was removed from the Food Services Training Program in May, 2020, and stated that he had been removed from the program "just because [of his] status as [a] victim of sexual assault and . . life style[.]" Am. Compl. at 6. Plaintiff further alleges that in response, defendant Shanley "act[ed] unprofessional and racist." *Id*.

As an initial matter, plaintiff does not allege when he contacted defendant Shanley regarding his removal from the training program, or how defendant Shanley thereafter "act[ed] unprofessional and racist." Indeed, the amended complaint lacks any allegations regarding what response, if any, plaintiff received from defendant Shanley following the submission of his letter.

Furthermore, by plaintiff's own allegations, it appears he was removed from the training program in May, 2020, for disciplinary reasons, and the amended complaint lacks any allegations regarding the outcome of plaintiff's disciplinary hearing for the misbehavior report issued by defendant Montgomery. In other words, insofar as plaintiff claims that defendant Shanley violated his equal protection rights by not reinstating him into the training program, the Court has no basis to plausibly infer either that plaintiff was entitled to reinstatement into the program despite the misbehavior report he received, or that the removal violated his equal protection rights.

In short, the amended complaint lacks allegations which plausibly suggest that defendant Shanley was personally involved in any wrongdoing following his alleged receipt of a letter from plaintiff regarding plaintiff's removal from a training program. *See, e.g., Colon v.*

*Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) ("We see no reason why [the Superintendent] should have intervened in advance of [a Tier III hearing] in which Colon was to be given the opportunity to substantiate the claim that he made in his letter. We therefore conclude that no reasonable jury could have held [the Superintendent] liable."); *Sanders v. Gifford*, No. 9:11-CV-0326 (LEK/RFT), 2014 WL 5662775, at *4 (N.D.N.Y. Nov. 4, 2014) ("Without particularized facts delineating Defendant Graham's personal involvement, Plaintiff's supervisory liability claim against him cannot survive Defendants' Motion to Dismiss." (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")); *Elek v. Inc. Vill. of Monroe*, 815 F. Supp. 2d 801, 808 (S.D.N.Y. 2011) (collecting cases for the proposition that "because [p]laintiff has not established any underlying constitutional violation, she cannot state a claim for 1983 supervisory liability.").

Accordingly, plaintiff's equal protection claim against defendant Shanley is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### E.     Nature of Dismissal

Based upon the foregoing, the Court finds that the amended complaint fails to state one or more claims upon which relief may be granted by this Court.  The Court, however, is mindful that certain of plaintiff's claims were asserted for the first time in his amended complaint.  In light of this, and plaintiff's pro se status, the Court will afford him a final opportunity to file an amended complaint not inconsistent with this decision.  *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  Any amended complaint filed by plaintiff must bear his original signature, and must be a complete pleading which will

supersede and replace the operative pleading in its entirety.  Plaintiff must name one or more defendants, and must set forth a short and plain statement of the facts he relies on in support of his claim that the individual named as a defendant engaged in misconduct or wrongdoing that violated his constitutional rights.

Plaintiff is forewarned that if he fails to submit a second amended complaint within thirty (30) days of the filing date of this Decision and Order, the Court will, without further order, dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### III.    LETTER REQUESTS

#### A.    Request for Court Assistance

Plaintiff requests Court assistance with his amended complaint, and asks, in essence, what he needs to allege to avoid dismissal of his lawsuit.  *See* Letter Request for Assistance. It is not the role of a Court to provide a party with legal advice.  In any event, following plaintiff's submission of the aforementioned letter request, he filed his amended complaint.

Accordingly, plaintiff's Letter Request for Court Assistance (Dkt. No. 20) is denied as moot.

#### B.    Restrict Order

Plaintiff requests a "restrict order" against defendant Montgomery directing her to stop harassing and threatening him.  *See* Letter Motion for a Restrict Order.

In light of the Court's decision preliminarily dismissing the amended complaint, plaintiff's request for a "restrict order" is denied as moot.  However, for the sake of clarity, the Court notes that because plaintiff's amended complaint fails to state a claim against defendant Montgomery upon which relief may be granted, she is no longer a party to the

13

proceeding. As a result, the Court cannot order injunctive relief against defendant Montgomery. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction."); *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) ("To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." (internal quotation marks and citations omitted)); *see also Mitchell v. New York State Dep't of Corr. Servs*., No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (denying plaintiff's request for preliminary injunctive relief because "the facts underlying the request for injunctive relief [were] essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context").[10]

Accordingly, plaintiff's Letter Motion for a Restrict Order (Dkt. No. 23) is denied.

### C.    Program Placement

Plaintiff requests an order from the Court directing officials from Coxsackie C.F. to place him back into the Food Services Training Program. *See* Letter Motion for Program Placement at 3-4.

In light of the Court's decision preliminarily dismissing the amended complaint,

---

[10] Plaintiff's Letter Motion for a Restrict Order also does not identify any specific examples of harassment by defendant Montgomery. Moreover, the original complaint identifies only one instance of name-calling by defendant Montgomery, which the Court found was insufficient to state a cognizable constitutional claim, *see* July 2020 Order at 19-20, and the amended complaint does not allege any additional instances of name-calling or threats by defendant Montgomery. See generally, Am. Compl.

14

plaintiff's Letter Motion for Program Placement is denied as moot.

## IV.     CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint is accepted for filing and is the operative pleading; and it is further

**ORDERED** that the Clerk shall add Corrections Captain Meigs to the docket as a defendant; and it is further

**ORDERED** that plaintiff's Section 1983 claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that if plaintiff wishes to proceed with this action he must file an amended complaint **within thirty (30) days** of the filing date of this Decision and Order as set forth above; and it is further

**ORDERED** that upon the filing of an amended complaint as directed above, the Clerk shall return the file to this Court for further review; and it is further

**ORDERED** that in the event plaintiff fails to file a signed amended complaint **within thirty (30) days** of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without prejudice due to plaintiff's failure to state a claim upon which relief can be granted and to comply with the terms of this Decision and Order, without further order of this Court; and it is further

**ORDERED** that plaintiff's Letter Request for Court Assistance (Dkt. No. 20) is **DENIED** as set forth above; and it is further

**ORDERED** that plaintiff's Letter Motion for a Restrict Order (Dkt. No. 23) is **DENIED**

as set forth above; and it is further

**ORDERED** that plaintiff's Letter Motion for Program Placement (Dkt. No. 24) is **DENIED** as set forth above; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court.  Plaintiff is required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; plaintiff's failure to do so may result in the dismissal of this action; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff, along with a copy of the July 2020 Order (Dkt. No. 18).

**IT IS SO ORDERED.**

Dated: November 3, 2020
      Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge