UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARLOS SANCHEZ,

                              Plaintiff,

          v.                                              9:20-CV-0648
                                                                      (GTS/ML)

MR. SHANLEY, et al.,

                              Defendants.
_____

APPEARANCES:

CARLOS SANCHEZ
Plaintiff, Pro Se
05-A-6204
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, NY 12051


GLENN T. SUDDABY
Chief United States District Judge

**DECISION AND ORDER**

## I.    INTRODUCTION

Plaintiff Carlos Sanchez commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis. *See* Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP Application").[1] Thereafter, plaintiff filed two letter motions requesting preliminary injunctive relief, and a motion to amend and supplement the complaint. Dkt. No. 11 ("First Letter Motion for Injunctive Relief"); Dkt.

---

[1] By Order entered on June 11, 2020, plaintiff's initial application to proceed IFP was denied as incomplete and the action was administratively closed. Dkt. No. 3. Thereafter, plaintiff filed his IFP Application and the Clerk was directed to reopen this action and restore it to the Court's active docket. *See* Dkt. Nos. 5, 6.

No. 12 ("Second Letter Motion for Injunctive Relief"); Dkt. No. 13 ("Motion to Amend").[2]

By Decision and Order entered on July 27, 2020, this Court granted plaintiff's IFP Application, but following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), found that it was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 18 ("July 2020 Order"). The Court also denied the Motion to Amend on the grounds that the proposed amended complaint was not a complete pleading, and afforded plaintiff an opportunity to submit a proper amended complaint. *Id*. at 3-6, 21-22.[3]

Thereafter, plaintiff filed an amended complaint, along with a letter request for court assistance, a letter motion seeking injunctive relief in the form of a "restrict order[,]" and an additional letter motion seeking injunctive relief ordering his placement into a prison program. Dkt. No. 20 ("Letter Request for Court Assistance"); Dkt. No. 21 ("Am. Compl."); Dkt. No. 23 ("Letter Motion for a Restrict Order"); Dkt. No. 24 ("Letter Motion for Program Placement"). By Decision and Order entered on November 3, 2020, the Court dismissed each of plaintiff's Section 1983 claims, denied plaintiff's Letter Request for Court Assistance, Letter Motion for a Restrict Order, and Letter Motion for Program Placement, and afforded plaintiff thirty (30) days to submit a proper second amended complaint if he wished to proceed with this action. Dkt. No. 27 ("November 2020 Order") at 6-16.

Presently before the Court is plaintiff's second amended complaint. Dkt. No. 29

---

[2] Plaintiff filed a proposed amended complaint with his Motion to Amend. *See* Dkt. No. 13-1 ("Prop. Am. Compl.").

[3] In light of the preliminary dismissal of plaintiff's complaint without prejudice, the Court denied the requests for injunctive relief as moot. *See* July 2020 Order at 21-22.

("SAC").[4]

## II. SUFFICIENCY OF THE SECOND AMENDED COMPLAINT

### A. The Amended Complaint and November 2020 Order

In his amended complaint, plaintiff asserted allegations of wrongdoing that occurred while he was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Coxsackie Correctional Facility ("Coxsackie C.F."). *See generally*, Am. Compl.[5]

The amended complaint was construed to assert the following claims against the named defendants: (1) First Amendment retaliation claims against defendants Montgomery, Crystal, and Shanley; (2) First Amendment free exercise claims against defendants Montgomery and Shanley; and (3) Fourteenth Amendment equal protection claims against defendants Montgomery, Crystal, Meigs, and Shanley. *See* November 2020 Order at 5.

Following review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's Section 1983 claims were dismissed without prejudice for

---

[4] After plaintiff submitted his second amended complaint, he filed three documents. *See* Dkt. Nos. 30, 31, 32. The first document, which is captioned as a "Motion," rehashes -- albeit in less detail -- the alleged wrongdoing described in the second amended complaint, and requests that the Court "grant [plaintiff's] claim and help [him] to stop all the abuse of power, descrimination [sic], threat, [and] harassment" he has experienced. Dkt. No. 30. The second document, which is also captioned as a "Motion," details a letter plaintiff received from defendant Crystal on December 15, 2020, denying his request for an adjustment in classification and transfer to another facility, which plaintiff asks the Court to consider as "evidence of the abuse of power and descrimination [sic] by [defendant] Crystal[.]" Dkt. No. 31. The third document details an unsuccessful effort made by plaintiff to provide the Court with a copy of the aforementioned letter from defendant Crystal. Dkt. No. 32. As discussed more fully below, the second amended complaint fails to state a claim upon which relief may be granted. As a result, the Court need not, and will not, address the merits of these submissions. Insofar as plaintiff desires to pursue one or more Section 1983 claims against defendant Crystal based on the alleged denial of plaintiff's request for an adjustment in classification and transfer to another facility, plaintiff must commence a new action regarding such allegations, which were not detailed in the second amended complaint.

[5] As noted in the November 2020 Order, the allegations in the amended complaint were materially similar to the allegations in the original complaint with respect to alleged events that occurred between May 1 and June 6, 2020, but the amended complaint also included new allegations of events that occurred before May 1, 2020, and after June 6, 2020, and named Corrections Captain Meigs as a defendant. *Id*. at 3-4.

failure to state a claim upon which relief may be granted. *See* November 2020 Order at 6-16.

### B.     Review of the Second Amended Complaint

Because plaintiff is proceeding in forma pauperis and is an inmate suing government employees, his second amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the July 2020 Order and it will not be restated in this Decision and Order.  *See* July 2020 Order at 2-4.

Plaintiff's second amended complaint does not include any materially new allegations regarding the events described in the amended complaint, but contains new allegations of additional wrongdoing by defendants Montgomery, Crystal, and Meigs.  The following additional facts are set forth as alleged in the second amended complaint.

On October 10, 2019, defendant Crystal visited plaintiff at "the A Block area" and threatened to "lock [him] up if [he] continued writing program request[s]."  SAC at 8-9.  When plaintiff advised defendant Crystal that he needed to complete the program, defendant Crystal responded by stating, "I don't care faggot[.]"  *Id*. at 9.  At some unidentified point thereafter, plaintiff was reinstated into the Food Services Training Program. *Id*. at 6, 8.

On December 23, 2019, defendant Meigs stopped plaintiff in the hallway about his request for placement in a dormitory, stated that homosexual inmates are not supposed to be housed in a dormitory, and then threatened to "hurt" plaintiff "real bad" and "lock [him] up under keeplock status[.]"  SAC at 9.  Defendant Meigs further advised plaintiff that he could remove plaintiff from the Food Services Training Program, and would "hurt" plaintiff if he sent

4

any additional letters to the Governor of New York.  *Id*. at 9-10.

On May 1, 2020, plaintiff was issued a misbehavior report, at the direction of defendant Montgomery, for having an unauthorized "Santeria altar" in his cell.  SAC at 6.  Thereafter, defendants Montgomery and Meigs told defendant Crystal to remove plaintiff from the Food Services Training Program.  *Id*. at 7-8.

On June 6, 2020, defendant Montgomery encountered plaintiff on his way to his cell block, called him a homophobic slur, and stated that he would "never . . . go back to [the] Messhall Kitchen Program."  SAC at 8.  Apparently since this exchange, defendant Montgomery has continued to "call [plaintiff] homophobic names" whenever she sees him.  *Id*. at 2.

Liberally construed, the second amended complaint asserts the following claims against the named defendants: (1) First Amendment retaliation claims against defendants Montgomery, Crystal, Meigs, and Shanley; (2) First Amendment free exercise claims against defendants Montgomery and Shanley; and (3) Fourteenth Amendment equal protection claims against defendants Montgomery, Crystal, Meigs, and Shanley.

For a more complete statement of plaintiff's claims, reference is made to the second amended complaint.

### C.  Analysis

#### 1.  Retaliation Claims Against Defendants Crystal and Meigs Based on New Allegations[6]

##### (a)  Crystal

Insofar as plaintiff has asserted a new retaliation claim against defendant Crystal

---

[6] The legal standard governing each of plaintiff's claims was discussed in detail in the July 2020 Order, and will not be restated herein.  *See* July 2020 Order at 11-20.

based on their alleged exchange on October 10, 2019, it is unclear whether plaintiff's requests for re-admission into a training program constitute protected speech. In any event, "it is well-established . . . that verbal harassment and derogatory comments by prison workers aimed at an inmate, however unprofessional, do not rise to a level of constitutional significance, and therefore cannot constitute adverse action sufficient to support a retaliation cause of action." *Reed v. Doe No. 1*, No. 9:11-CV-0250 (TJM), 2013 WL 5441503, at *6 (N.D.N.Y. Sept. 27, 2013). Thus, defendant Crystal's alleged name calling is insufficient to satisfy the adverse action requirement.

In addition, with respect to defendant Crystal's alleged threat to lock plaintiff up for requesting reinstatement into the Food Services Training Program, as a general matter, a single isolated threat to place an inmate in restrictive confinement for filing a grievance, without more, is not sufficient adverse action for purposes of a First Amendment retaliation claim. *See, e.g., Garcia v. Watts*, No. 08-CV-7778, 2009 WL 2777085, at *11 (S.D.N.Y. Sept. 1, 2009) (finding that threatening to file incident reports against inmate and place him in SHU for filing grievances was not sufficient adverse action); *Islam v. Goord*, No. 05-CV-7502, 2006 WL 2819651, at *1, 5 (S.D.N.Y. Sept. 29, 2006) (finding that threatening to place an inmate in involuntary protective custody for filing an employee misconduct report against corrections officer was not sufficient adverse action); *Pledger v. Hudson*, No. 99-CV-2167, 2005 WL 736228, at *5 (S.D.N.Y. Mar. 31, 2005) (holding that no adverse action was present even though the inmate alleged the defendant made threats of misbehavior reports and SHU confinement). The second amended complaint is also devoid of any allegations which plausibly suggest that (1) defendant Crystal threatened plaintiff in any respect either before or after October 10, 2019, or (2) plaintiff was ever placed in restrictive confinement at

6

Coxsackie C.F. Furthermore, the allegations in the second amended complaint make clear that at some point shortly after October 10, 2019, plaintiff was reinstated into the training program, where he remained for several months. Under such circumstances, the Court has no basis to plausibly infer that defendant Crystal's vague threat was likely to deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights. *See, e.g., Hayes v. Dahlke*, 976 F.3d 259, 274 (2d Cir. 2020) (holding that threatening statement, unaccompanied by any subsequent action, and which did not prevent inmate from filing additional grievances, was unlikely to deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights, and therefore did not constitute adverse action); *Keitt v. New York State Dep't of Corrs. and Cmty. Supervision*, No. 11-CV-0885, 2017 WL 9471826, at *10 (W.D.N.Y. Jan. 4, 2017) (finding that an isolated threat to file a misbehavior report did not constitute an adverse action where the defendant never carried out that threat); *Wellington v. Langendorf*, No. 12-CV-1019, 2013 WL 3753978, at *11 (N.D.N.Y. July 15, 2013) (Scullin, J.) (finding no adverse action where the defendant made a vague verbal threat on one occasion, and did not repeat the threat or take any affirmative action to suggest that she would do anything to act on the threat); *cf. Gill v. Tuttle*, 93 Fed. App'x 301, 303-04 (2d Cir. 2004) (finding that the threat to "keep filing misbehavior reports" against an inmate for filing could constitute adverse action, where the threat was preceded by both the filing of such a misbehavior report and the placement of the inmate in disciplinary confinement).

Accordingly, plaintiff's retaliation claim against defendant Crystal based on their alleged exchange on October 10, 2019, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### (b) Meigs

Insofar as plaintiff has asserted a new retaliation claim against defendant Meigs based on their alleged exchange on December 23, 2019, plaintiff's request for placement in a dormitory does not satisfy the protected speech requirement. *See, e.g., Livingston v. Hoffnagle*, No. 9:19-CV-0353 (GLS/CFH), 2019 WL 7500501, at *15 (N.D.N.Y. Nov. 8, 2019) ("[P]laintiff's request for protective custody, in effect, constitutes a request for transfer to housing of his preference, which is not constitutionally protected speech. . . . Plaintiff's position would yield absurd results, as every denial of an oral request for protective custody status would give rise to a First Amendment retaliation claim." (collecting cases)). In addition,

as with plaintiff's claim against defendant Crystal, the second amended complaint is devoid of any allegations which plausibly suggest that (1) defendant Meigs threatened plaintiff in any respect either before or after December 23, 2019, or (2) plaintiff was ever placed in restrictive confinement at Coxsackie C.F. Under such circumstances, defendant Crystal's vague threat is also not sufficient to satisfy the adverse action requirement.

Accordingly, plaintiff's retaliation claim against defendant Meigs is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2. Equal Protection Claims Against Defendants Crystal, Meigs, and Montgomery

Insofar as the second amended complaint details additional instances of defendants Crystal, Meigs, and Montgomery directing homophobic slurs at plaintiff, as noted in the July 2020 Order, "verbal harassment or profanity alone, unaccompanied by an injury[,] no matter

8

how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983." *See* July 2020 Order at 19 (quoting *Moncrieffe v. Witbeck*, No. 9:97-CV-0253 (NAM), 2000 WL 949457, at *3 (N.D.N.Y. June 29, 2000)).  Moreover, while the alleged use of homophobic slurs may suggest some level of animus toward plaintiff, or homosexual inmates at large, as with the amended complaint, the second amended complaint is devoid of any allegations which plausibly suggest that defendants Crystal, Meigs, and/or Montgomery subjected plaintiff to disparate treatment by removing him from the Food Services Training Program.[7]  To the contrary, the allegations in the second amended complaint plausibly suggest that plaintiff was initially removed from the Food Services Training Program because he was "a victim of sexual assault" at another facility, was subsequently reinstated into the program, and was only removed several months later after receiving a misbehavior report. *See* SAC at 6-8.  In addition, as with the amended complaint, the second amended complaint does not identify any similarly situated inmates who were treated differently than plaintiff with respect to participation in the training program, and the Court has no basis to plausibly infer from the allegations in the second amended complaint that all homosexual inmates were prohibited from participating in the Food Services Training Program at Coxsackie Correctional Facility.  Thus, the allegations in the second amended complaint are insufficient to state an equal protection claim under either a selective enforcement or class-of-one theory.

---

[7] The second amended complaint is also devoid of any non-conclusory allegations which plausibly suggest that plaintiff was entitled to placement in dormitory housing and/or reinstatement into the Food Services Training Program following his receipt of a misbehavior report such that not placing him in a dormitory or reinstating him into the program for a second time might be considered disparate treatment.

Accordingly, and for the reasons set forth in the November 2020 Order, plaintiff's equal protection claims against defendants Crystal, Meigs, and Montgomery are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 3. Remaining Section 1983 Claims

Aside from the new allegations discussed above, the Section 1983 claims asserted in the second amended complaint are based on the same facts and circumstances alleged in the amended complaint. Indeed, the second amended complaint does not include any additional allegations that address the deficiencies detailed in the November 2020 Order with respect to plaintiff's free exercise claims and equal protection claim against defendant Shanley. *See* November 2020 Order at 6-12. Nor does the second amended complaint include any new allegations that address the deficiencies identified in both the July 2020 Order and the November 2020 Order with respect to plaintiff's retaliation claims against defendants Montgomery, Crystal, and Shanley based on events that allegedly occurred in and after May, 2020. *See* July 2020 Order at 11-15; November 2020 Order at 6-8.

Accordingly, and for the reasons set forth in the July 2020 Order and November 2020 Order, plaintiff's free exercise claims, equal protection claim against defendant Shanley, and remaining retaliation claims against defendants Montgomery, Crystal, and Shanley are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.[8]

## III. CONCLUSION

---

[8] The Clerk is directed to provide plaintiff with additional copies of the July 2020 Order and November 2020 Order.

**WHEREFORE**, it is hereby

**ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.  The Clerk is directed to terminate all of the defendants and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff, along with another copy of the July 2020 Order and November 2020 Order.

**IT IS SO ORDERED.**

Dated:  February 3, 2021
        Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge